UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **DELAR SINGH, PH.D.,** | : |
|     **Plaintiff** | : |
| **V.** | : |
| **EASTERN CONNECTICUT STATE UNIVERSITY,** | : |
| **DR. DAVID STOLOFF,** | : |
| **DR. ELSA NUNEZ,** | |
| **DR. LESLIE RICKLIN,** | : |
| **DR. JEFFREY TRAWICK-SMITH, and** | : |
| **DR. MICHAEL PERNAL** | : |
|     **Defendant** | :    **MAY 21, 2012** |

## COMPLAINT

**INTRODUCTION**

    1.    This is an action for money damages and other relief for violation of civil rights under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Sec. 2000e et seq. and the Civil Rights Act of 1991, 42 U.S.C. Section 1981, the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. Sec. 46a-58 et seq., and the common law.

**THE PARTIES**

    2.    The defendant Eastern Connecticut State University ("Eastern") is a public university located in Willimantic, Connecticut, that employees more than fifteen persons.

3. The defendant Michael Pernal is the executive vice president of Eastern.

4. The defendant Elsa Nunez is the president of Eastern.

5. The defendant David Stoloff is a tenured professor at Eastern in the Education Department, who was chair of the Education Department from at least 2001 to 2008.

6. The defendant Jeffrey Trawick-Smith is a tenured faculty member of Eastern in the Education Department.

7. The defendant Leslie Ricklin is a tenured faculty member of Eastern in the Education Department who was chair of the Education Department from 2008 to 2009.

8. The plaintiff Delar Singh, Ph.D. is a tenured professor at Eastern. The plaintiff has taught at Eastern for approximately twelve years. She is a member of the faculty in the University's education department. She lives nearby the University's campus with her disabled son who is also employed by the University in its computer laboratory.

**JURISDICTION**

9. The United States District Court for the District of Connecticut has subject matter jurisdiction over this case under the provisions of 28 U.S.C. § 1343(3) because it asserts claims under 42 U.S.C. Sec. 1981, 42 U.S.C. Sec. 2000e et seq., and 29 U.S.C. Sec. 623 et seq., 42 USC Sections 1983 and 1988.   Supplemental

jurisdiction over Plaintiff's claims under the Connecticut Fair Employment Practices Act and common law claims is conferred under the provisions of 28 U.S.C. Sec. 1367.

**PROCEDURAL REQUIREMENTS**

10. On April 1, 2011, Plaintiff filed charges of discrimination with the Connecticut Commission on Human Rights and Opportunities, which in turn filed Plaintiff's charges with the Equal Employment Opportunity Commission ("EEOC") on April 1, 2011.

11. On April 27, 2012, the EEOC issued Plaintiff a Notice of Right to Sue, stating that Plaintiff could file a civil action under Title VII and the Age Discrimination in Employment Act within 90 days from the receipt of such Notice.  Plaintiff received said Notice on or about May 2, 2012.

12. On February 24, 2012, the Connecticut Commission on Human Rights and Opportunities issued a Release to Sue, which Plaintiff received on or about February 26, 2012.  Said Release to Sue stated that Plaintiff could bring an action under the provisions of the Connecticut Fair Employment Practices Act within 90 from the receipt of said Release.

**BACKGROUND**

13. In 2007, plaintiff's education department Chair, defendant David Stoloff, began sending sexually harassing e-mails to Dr. Singh asking her out on a date and revealing his attraction for her and his desire to continue to have sex with

her despite her many previous rebukes of his advances.  Around that time, defendant Stoloff repeatedly came to the plaintiff's house uninvited and made sexual advances toward the her and on more than one occassion had unconsented sex with her.  Dr. Delar sternly rebuked these advances and told defendant Stoloff that he was sexually harassing her and if he continued to do so she would get a restraining order. Only after Dr. Singh consulted an attorney and had threatened legal action against defendant Stoloff in 2009 did he stopped sending her harassing emails and stopped going to the her house in 2009.

14. In 2008, Dr. Singh told defendant Ricklin about the sexual harassment of her by defendant Stoloff, and defendant Ricklin notified Eastern of this harassment by contacting the chief diversity officer Constance Green.  Despite being notified of this harassment, Eastern did nothing to investigate and stop the abuse or discipline defendant Stoloff.  Instead of protecting Dr. Singh, it retaliated against her through various actions and inactions set forth below.

15. Although defendant Stoloff no longer visited the plaintiff at her home, the  defendant Stoloff still followed the plaintiff around the Eastern Connecticut State University campus and walked by her house.  In retaliation for Dr. Singh complaints and refused to have sex with defendant Stoloff, he called her mentally ill to herself and various third parties.

16. In 2008, defendant Jeffrey Trawick-Smith began to sexually harass the Dr. Singh after the she refused to date him.   Defendant Trawick-Smith is a senior

member of the education department.  He also turned other faculty members in education department against Dr. Singh such that she did not apply for a position as full professor.

17. During this time, Dr. Singh complained to the defendant University, the Director of Human Resources, and defendant Dr. Michael Pernal that persons in her department were harassing her.   In response, the defendants retaliated against the Dr. Singh and gave the plaintiff a letter of reprimand because the plaintiff had complained about the harassment by members of the education department.

18. In the fall semester of 2009, Dr. Singh began to experience further retaliation for her complaints of harassment.  She was removed as the Chair of Department Committee (DEC) and excluded from a major departmental evaluation.  In January, 2010, the defendants relieved the plaintiff from all of her graduate student advising responsibilities.

19. In the beginning of 2010, the defendants sent Dr. Singh to a Psychiatrist, Dr. Mark Schroeder, for a fitness for duty evaluation on the basis that the defendants believed that Dr. Singh was a danger to herself or others.   The Psychiatrist said that the plaintiff was not a danger to herself or others but thought that she should take leave of absence for three months.  Dr. Singh's treating psychiatrist determined that Dr. Singh was under a lot of stress, and believed that she should take a couple of weeks off.

20. The Defendant allowed Dr. Singh to return to work early based on a

note from her treating psychologist, but placed the plaintiff on a non-teaching assignment.  When the plaintiff returned to work from her leave, defendant Trawick-Smith announced that the plaintiff "did not work" for the defendant any more, and the Department Chair, Dr. Leslie Ricklin, announced falsely that no one was to speak to the Dr. Singh and that if she went into Webb Hall she would be arrested.

21. In the fall of 2010, defendants Stoloff, Trawick-Smith, and Ricklin falsely reported to the current Chair, Dr. Hari Koirala that Dr. Singh was not adequately performing her teaching responsibilities.  Throughout the semester, the defendant did not provide the plaintiff with information to do her job, such as agendas and other information.

22 The defendant has also subjected to different terms and conditions of employment up to the present such as increased teaching loads.

23 On or about October, 2010, defendant Trawick-Smith was up for evaluation.  Dr. Singh was then on the Department Evaluation Committee, and questioned some of the information in his portfolio.  Defendant Jeffrey Trawick-Smith complained that Dr. Singh was trying to steal his portfolio.

24 On or about October, 2010, defendant Pernal sent the plaintiff a memo and threatened  Dr. Singh with a five day suspension for unprofessional conduct.

25. On or about January 7, 2011, Dr. Singh wrote to defendant outlining the harassment that she had endured by various people in her department, including defendants Stoloff, Trawick-Smith, and Ricklin.

26     On 2011, Dr. Singh filed charges of discrimination with the Connecticut Commission on Human Rights and Opportunities, which in turn filed Plaintiff's charges with the Equal Employment Opportunity Commission ("EEOC").

27     In retaliation, defendants suspended Dr. Singh indefinitely and commenced termination proceedings to end her employment at Eastern.

**COUNT ONE: TITLE VII AND SECTION 1981**

1.-27. Plaintiff Delar Singh hereby incorporates and realleges paragraphs 1-27 paragraphs and incorporates those paragraphs into Count One.

28.    Based on the aforementioned acts of Defendants, with specific reference those referenced in Paragraphs 1 through 27 above, which are incorporated in this count, defendants discriminated against Plaintiff on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Sec. 2000e et seq. and the Civil Rights Act of 1991, 42 U.S.C. Section 1981 Conn. Gen. Stat. Section 46a-60. Defendants' acts were with malice and reckless disregard of Plaintiff's State protected civil rights.

29    As a result of the aforesaid unlawful acts, Plaintiff has suffered and continues to suffer damages, including loss , salary, and fringe benefits, promotional opportunities, a depletion of personal savings, injury to her personal and professional reputations, mental anguish, emotional distress, humiliation and embarrassment.

30. As a further result of the actions of the Defendants, Plaintiff has incurred and will continue to incur attorneys' fees and costs in pursuing this action.

**COUNT TWO: CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT**

1.-27. Plaintiff Delar Singh hereby incorporates and realleges paragraphs 1.-27. paragraphs and incorporates those paragraphs into Count Two.

28. Based on the aforementioned acts of Defendants, with specific reference those referenced in Paragraphs 28 through 30 above, Defendants discriminated against Plaintiff on the basis of her sex in violation of Conn. Gen. Stat. Section 46a-60. Defendants' acts were with malice and reckless disregard of Plaintiff's State protected civil rights.

29. As a result of the aforesaid unlawful acts, Plaintiff has suffered and continues to suffer damages, including loss of, salary, and fringe benefits, promotional opportunities, a depletion of personal savings, injury to her personal and professional reputations, mental anguish, emotional distress, humiliation and embarrassment.

30. As a further result of the actions of the Defendants, Plaintiff has incurred and will continue to incur attorneys' fees and costs in pursuing this action.

**COUNT THREE: SECTION 1983 AS TO DEFENDANTS MICHAEL PERNAL AND ELSA NUNEZ)**

1.-27. Plaintiff Delar Singh hereby incorporates and realleges paragraphs 1-27 as paragraphs 1.-27. of the Count Three.

28. This is an claim to redress the deprivation by the defendants of rights secured to the plaintiff Delar Singh by the Constitution and laws of the United States

and the State of Connecticut. The defendants Michael Pernal and Nunez participated in unlawful conduct, including discriminating against the plaintiff on the basis of her sex in the course of her employment in violation of Sections 1983 and 1988 of Title 42 of the United States Code.

29. During all times mentioned in this action, the plaintiff Delar Singh was, and still is, an adult citizen of the United States residing in Willimantic, Connecticut.

30 During all times mentioned in this action, the defendants Michael Pernal and Nunez were administrators at Eastern in the City of Willimantic, Connecticut, acting in their official capacity. They are sued, however, only in their individual capacity.

31. During all times mentioned in this Complaint, the defendants were acting under color of law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the State of Connecticut.

32. At all times mentioned in this Complaint, the defendants acted jointly and in concert with Eastern. The defendants had the duty and the opportunity to protect the plaintiff from the unlawful actions and deprivation of her constitutional rights but intentionally failed and refused to do so, thereby causing the plaintiff's injuries and damages.

33. In the manner described above, the defendants subjected the plaintiff to unreasonable treatment all in violation of the Fourth Amendment to the United States Constitution and of the Constitution of the State of Connecticut.

34.	As a result of the aforesaid unlawful acts, Plaintiff has suffered and continues to suffer damages, including loss of, salary, and fringe benefits, promotional opportunities, a depletion of personal savings, injury to her personal and professional reputations, mental anguish, emotional distress, humiliation and embarrassment.

35.	As a further result of the actions of the Defendants, Plaintiff has incurred and will continue to incur attorneys' fees and costs in pursuing this action.

**COUNT FOUR: SECTION 1983(As Against the Eastern)**

1.-35.	Paragraphs 1.-35 of Count Three are hereby incorporated and realleged as paragraphs 1.-35. in Count Four.

36.	Eastern, as a policy making entity, is liable for constitutional violations inasmuch as it failed to implement a policy or custom, or enforce an existing policy or custom, to keep employees from discriminating against Delar Singh on the basis of her sex.

37.	Eastern's constitutional violations has caused harm to the plaintiff.

38. As a result of the aforesaid unlawful acts, Plaintiff has suffered and continues to suffer damages, including loss, salary, and fringe benefits, promotional opportunities, a depletion of personal savings, injury to her personal and professional reputations, mental anguish, emotional distress, humiliation and embarrassment.

39.	As a further result of the actions of the Defendants, Plaintiff has incurred and will continue to incur attorneys' fees and costs in pursuing this action.

**COUNT FIVE**:  (**Negligent Infliction of Emotional Distress**)

1.-39   Paragraphs 1.-39. of Count Four are hereby incorporated and realleged as paragraphs 1.-39. in Count Five.

40.     As a result of the conduct of the defendants, the plaintiff has and will incur future loss of wages, economic benefits, income and will incur medical expenses which she would not have incurred but for the actions of the defendant and/or its agents/employees.

41.     The defendants knew or should have known that its conduct toward the plaintiff as aforesaid involved an unreasonable risk of causing emotional distress and that the distress would result in illness or bodily harm.

42.     The defendants through its agents/employees acted carelessly and negligently thereby causing harm and damage to the plaintiff as aforesaid.

**COUNT SIX: (Intentional Infliction of Emotional Distress)**

1.39.   Paragraphs 1.-39. of the Fourth Count are hereby incorporated and made paragraphs 1.-39. of the Fourth Count, as if set forth fully herein.

40.     As a result of the extreme, outrageous and intentional acts of the defendants, as aforesaid, the plaintiff has suffered, and will continue to suffer in the future, severe emotional distress, all to her further loss and damage.

41.     The defendants intended to inflict emotional distress on the plaintiff, or knew or should have known that emotional distress was a likely result of defendants' conduct.

**DEMAND FOR RELIEF**

WHEREFORE, the Plaintiff claims:

1. Compensatory damages, including damages for emotional distress;
2. Back pay;
3. Punitive damages;
4. Attorney fees and the costs of this action pursuant to 42 U.S.C. § 1988;
5. Interest and costs;
4. Statutory attorneys' fees, as permitted in connection with claims Title VII, Section 1981, and the Fair Employment Practices Act;
5. Reinstatement, with reinstatement of full seniority and job benefits; and
6. Such other relief as in law or equity may pertain.

        PLAINTIFF,
        DELAR SINGH, PH.D.


        BY    /s/ ct12745
        James F. Sullivan
        Howard, Kohn, Sprague & FitzGerald
        237 Buckingham Street; P.O. Box 261798
        Hartford, CT 06126-1798
        T) (860) 525-3101 F) (860) 247-4201
        Federal Bar No. ct12745
        Her Attorneys

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **DELAR SINGH, PH.D.,** | : |
|    **Plaintiff** | : |
| **V.** | : |
| **EASTERN CONNECTICUT STATE UNIVERSITY, DR. DAVID STOLOFF, DR. ELSA NUNEZ, DR. LESLIE RICKLIN, DR. JEFFREY TRAWICK-SMITH, and DR. MICHAEL PERNAL** | : |
|    **Defendant** | :   **MAY 21, 2012** |

**JURY DEMAND**

Plaintiff demands a trial by jury.

                              PLAINTIFF,
                              DELAR SINGH, PH.D.


                              BY      /s/ ct12745
                              James F. Sullivan
                              Howard, Kohn, Sprague & FitzGerald
                              237 Buckingham Street; P.O. Box 261798
                              Hartford, CT 06126-1798
                              T) (860) 525-3101 F) (860) 247-4201
                              Federal Bar No. ct12745
                              Her Attorneys